The Honorable Samuel J. Steiner
Chapter 7

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

In re:

SHEILA CALLANDRET,

Debtor.

---

SHEILA CALLANDRET,

Plaintiff,

v.

PHILLIP WOLCOTT; ROBIN WOLCOTT; ROBIN S. WORLD, INC., a dissolved Washington for-profit corporation; RAYMOND SANDOVAL; RGS LEGAL, INC., a dissolved Washington for-profit Corporation; JOHN DOE MORTGAGE BROKER; LEHMAN BROTHERS FSB, a dissolved foreign corporation and any of its successors in interest which may include: AURORA LOAN SERVICING LLC, a foreign limited liability Corporation; JOHN DOES 1 THROUGH 50 and any Other unknown persons or entities having any interest in the property described and located at 145-28th Avenue, Seattle, Washington, 98122,

Defendant(s).

No. 09-20519-KAO

Adv. No. 09-01522-KAO

**ANSWER OF DEFENDANT, AURORA LOAN SERVICES, INC.**

I. ANSWER

For its Answer in response to Plaintiff's Complaint herein, Aurora Loan Services, Inc. (hereinafter "Aurora") alleges and avers as follows:

1. Answering paragraphs 1.1 and 1.2, Aurora lacks sufficient knowledge to admit or deny allegations contained therein and therefore deny the same.

2. Answering paragraphs 1.3 and 1.4, Aurora denies the allegations contained therein.



**BISHOP, WHITE & MARSHALL, P.S.**
720 Olive Way, Suite 1301
Seattle, WA 98101
206/622-5306 Fax 206/622-0354

3. Answering paragraph 1.5, Aurora admits the claim alleged but denies the merits to the claim.

4. Answering paragraph 1.6, Aurora admits the claim is alleged, but lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

5. Answering paragraph 1.7, Aurora admits the is claim is alleged, but lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

6. Answering paragraph 1.8, Aurora denies the allegation that Lehman Brothers FSB or any of its successors in interest have no allowable claims either secured or unsecured against Ms. Callandret's bankruptcy estate.

7. Answering paragraph 1.9, Aurora denies the allegations contained therein.

8. Answering paragraph 2.1, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

9. Answering paragraph 3.1 through 3.4, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

10. Answering paragraph 3.5, Aurora states that no answer is required.

11. Answering paragraph 3.6 through 3.8, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

12. Answering paragraph 3.9, Aurora states that no answer is required.

13. Answering paragraph 3.10, Aurora admits Lehman Brothers, FSB is not known as Aurora Bank, FSB.

14. Answering paragraph 3.11, Aurora admits to that it is a corporation licensed to do business in the State of Washington and is the servicing agent on the loan described in the complaint, all remaining allegations in this paragraph are denied.

15. Answering paragraphs 3.12 through 3.14, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

16. Answering paragraph 4.1, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.



**BISHOP, WHITE & MARSHALL, P.S.**
720 Olive Way, Suite 1301
Seattle, WA 98101
206/622-5306 Fax 206/622-0354

17. Answering paragraph 4.2, Aurora admits the allegations contained therein.

18. Answering paragraphs 4.3 through 4.51, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

19. Answering paragraph 4.52, Aurora denies the allegations contained therein.

20. Answering paragraph 4.53, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

21. Answering paragraphs 4.54 through 4.56, Aurora denies the allegations contained therein.

22. Answering paragraphs 4.57 and 4.58, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

23. Answering paragraph 5.1, Aurora realleges its foregoing Answers and incorporates the preceding Answers as though set forth in full therein.

24. Answering paragraphs 5.2 through 5.5, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

25. Answering paragraph 5.6, Aurora denies the allegations contained therein.

26. Answering paragraph 5.7, Aurora states that no answer is required.

27. Answering paragraph 5.8, Aurora admits the allegations contained therein.

28. Answering paragraphs 5.9 and 5.10, Aurora denies the allegations contained therein.

29. Answering paragraph 5.11, Aurora admits the allegations contained therein.

30. Answering paragraphs 5.12 through 5.15, Aurora denies the allegations contained therein.

31. Answering paragraphs 5.16 through 5.28, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

32. Answering paragraph 5.29, Aurora denies the allegations contained therein.

33. Answering paragraphs 5.30 through 5.32, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

34. Answering paragraph 5.33, Aurora denies the allegations contained therein.



**BISHOP, WHITE & MARSHALL, P.S.**
720 Olive Way, Suite 1301
Seattle, WA 98101
206/622-5306  Fax 206/622-0354

35. Answering paragraphs 5.34 through 5.41, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

36. Answering paragraph 5.42, Aurora denies the allegations contained therein.

37. Answering paragraphs 5.43 through 5.47, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

38. Answering paragraph 5.48, Aurora denies the allegations contained therein.

39. Answering paragraphs 5.49 through 5.51, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

40. Answering paragraph 5.52, Aurora denies the allegations contained therein.

41. Answering paragraphs 5.53 through 5.58, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

42. Answering paragraph 5.59, Aurora denies the allegations contained therein.

43. Answering paragraphs 5.60 through 5.64, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

44. Answering paragraph 5.65, Aurora denies the allegations contained therein.

45. Answering paragraphs 5.66 through 5.70, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

46. Answering paragraphs 5.71 through 5.82, Aurora denies the allegations contained therein.

47. Answering paragraphs 5.83 through 5.98, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

48. Answering paragraph 5.99, Aurora denies the allegations contained therein.

49. Answering paragraphs 5.100 through 5.103, Aurora lacks sufficient knowledge to admit or deny the allegations contained therein and therefore deny the same.

50. Answering paragraphs 5.104 through 5.107, Aurora denies the allegations contained therein.

## II. AFFIRMATIVE DEFENSES

Aurora realleges its foregoing Answers and further alleges the following Affirmative Defenses:



**BISHOP, WHITE & MARSHALL, P.S.**
720 Olive Way, Suite 1301
Seattle, WA 98101
206/622-5306 Fax 206/622-0354

51. Plaintiff's claims are barred because process or service of process is insufficient or defective.

52. Plaintiff has failed to state a claim upon which relief can be granted.

53. Plaintiff's claims are barred by application of doctrines of waiver, larches and/or estoppel.

54. Plaintiff's claims are barred by the statute of frauds.

55. Plaintiff's claims are barred by the statute of limitations.

56. Plaintiff's damages were caused by her own action or inaction, or she was contributorily negligent in causing her alleged damages.

57. Plaintiff has failed to mitigate her damages.

58. Aurora expressly reserves the right to add additional affirmative defenses as it determines to be appropriate at any time in the future.

## III. PRAYER FOR RELIEF

Having fully answered each and every allegation contained in Plaintiff's complaint, stated its Affirmative Defenses, Aurora prays the Court grant the following relief:

1. Dismiss Plaintiff's complaint with prejudice.

2. Enter an award against Plaintiff and in favor of Aurora for all of its costs, expenses and reasonable attorney's fees incurred in defending against this action pursuant to the terms of the note and deed of trust executed by Plaintiff.

3. For such further relief as the Court may determine to be just, equitable or fair.

DATED this 23rd day of December, 2009.

BISHOP, WHITE & MARSHALL, P.S.

/s/ David A. Weibel
David A. Weibel, WSBA #24031
Attorney for Defendant Aurora Loan Services, LLC



**BISHOP, WHITE & MARSHALL, P.S.**
720 Olive Way, Suite 1301
Seattle, WA 98101
206/622-5306 Fax 206/622-0354